IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LARRY KING**                                                                            **PETITIONER**

**v.**                            **5:08CV00160 JLH/HDY**

**LARRY NORRIS, Director of the**
**Arkansas Department of Corrections**                          **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## DISPOSITION

The respondent moves to dismiss the petition for writ of habeas corpus filed by Mr. Larry King pursuant to 28 U.S.C. § 2254. The respondent contends that the petition is successive. In the alternative, the respondent contends the petition is time-barred.

It is instructive to examine petitions previously filed by Mr. King with this Court: *King v. Norris*, 5:05CV00106; *King v. Norris*, 5:07CV00096. In the earlier petition (the "2005 petition"), Mr. King alleged that he had reached his parole date of march 28, 2005, but had not been released from the custody of the Arkansas Department of Corrections ("ADC"). The respondent argued that Mr. King had not exhausted his available state court remedies, as he had not pursued an application for writ of mandamus or declaratory judgment in state court. This remedy is one whereby a petitioner can challenge the computation of his sentence. The Court agreed with the respondent, and the case was dismissed without prejudice to allow the petitioner to pursue relief in state court. Judgment was entered on June 14, 2005. *See* Exhibits A, B, & C to docket entry no. 12.

In his second petition for habeas relief (the "2007 petition"), Mr. King "advanced the precise claim advanced in" the 2005 petition, and the 2007 petition was also dismissed without prejudice to allow the petitioner to pursue state court relief. Exhibit E to docket entry no. 12, page 2. *See also* Exhibits D & F to docket entry no. 12. Judgment was entered on June 25, 2007.

The habeas corpus petition now before the Court (docket entry no. 2) alleges once again an error

in the computation of petitioner's sentence. Mr. King describes it as "a simple case of being held in prison pass his prison sentence court given time of 11 years." There is no indication in the petition or in the record before the Court that Mr. King has sought state court relief, as directed by this Court in the rulings on the 2005 and 2007 petitions.

As a result, we again find that the petitioner must exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) & (c). It follows that we recommend that the petition be dismissed without prejudice to allow the petitioner to pursue relief in state court[1].

Based upon the foregoing, we recommend that the respondent's motion to dismiss be granted and that the petition be dismissed to allow the petitioner to seek appropriate relief in state court.

IT IS SO ORDERED this __7__ day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] We acknowledge that the respondent argued other grounds for dismissal. Failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Davis v. Campbell*, 608 F.2d 317, 320 (8th Cir. 1979) (*per curiam*); *McCartney v. Vitek*, 902 F.2d 616, 617 (8th Cir. 1990).